

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

January 4, 1939

Mr. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-02
Re: Clarification of opinion
  dated December 14, 1938 to
  Hon. C. C. Bowie

Your letter of December 31, 1938 addressed to Hon. William
McCraw, Attorney General, requesting clarification of an opinion
written by this department December 14, 1938, to Hon. C. C.
Bowie, County Attorney of Cameron County, Texas, pursuant to his
request for an opinion as to the amount of commission which the
assessor-collector of Cameron County was entitled to for assessing
state taxes under Article 7880-148, Revised Civil Statutes of
Texas, 1925 and Article 3937, Revised Civil Statutes of Texas,
1925, has been received and referred to the writer for attention.

I set out verbatim the above referred to opinion:

> "Your letter of December 2nd instant, addressed to Attorney
> General McCraw, together with enclosure, received and re-
> ferred to the writer for attention.
>
> "You request an opinion on the amount of commissions which
> the Assessor-Collector of Cameron County is entitled for
> assessing State taxes and you refer to Article 7880-148,
> Revised Civil Statutes of Texas, 1925, and Article 3937,
> Revised Civil Statutes of Texas, 1925, and you further advise
> that the Comptroller advances the contention that the tax
> assessor-collector is entitled only to a portion of the
> commission earned by him and due by the State, based upon
> the ratio that the present rate which is levied and retained
> for State purposes bears to the total State tax rate.
>
> Article 7880-148 provides in part as follows:
>
> "For the purpose of aiding in the protection of the property
> and lives of the citizens of Cameron and Willacy Counties
> from further disastrous and calamitous overflows, and to
> conserve and increase the revenues derived by the State

from said counties, that part of the State ad valorem taxes, which is in excess of ten cents on the hundred dollars valuation of property subject to taxation, collected upon property and from persons in the county of Cameron, including the rolling stock belonging to railroad companies which shall be ascertained and apportioned as provided by law, is hereby donated and granted by the State of Texas to county of Cameron, for a period of twenty-five years....."

"Article 3937, Revised Civil Statutes of Texas, 1925, as amended, reads in part as follows:

"Each Assessor of taxes shall receive the following compensation for his services which shall be estimated on the total value of the property assessed as follows: For assessing the State and County Taxes on all sums for the first Two Million Dollars ($2,000,000.00) or less, five (5) cents for each One Hundred Dollars ($100.00) of property assessed. On all sums in excess of Two Million Dollars ($2,000,000.00) and less, than Five Million Dollars ($5,000,000.00) two and one-half (2½) cents on each One Hundred Dollars ($100.00) and on all sums in excess of Five Million Dollars ( ($5,000,000.00), two and one fourth (2¼) cents on each One Hundred Dollars ($100.00)....one-half of the above compensation shall be paid by the State and one-half by the County; for assessing the taxes on all drainage districts, road districts, or other political subdivisions of the county, the Assessor shall be paid three-fifths of one cent for each One Hundred Dollars ($100.00) of the assessed value of such districts or subdivisions."

"Article 3937, hereinabove quoted, provides that the compensation of the assessor-collector for assessing shall be computed on the total value of the property assessed. It further provides that one-half of such compensation shall be paid by the State and one-half by the county. No other criterion or standard is found wherein or whereby the Legislature has undertaken to compensate the assesor the the assessment of State and county taxes. The plain and unambiguous language of such statutes provide that the State shall pay one-half of the commissions allowed the assessor in such article for such services.

"You are, therefore, advised that in the opinion of this Department the Assessor-Collector of Cameron County is entitled to one-half of the commissions provided for in such article to be paid by the State and one-half of such commissions to be paid by the County of Cameron."

You asked this further question, "Do you mean by this opinion
that the one-half of the commissions to be paid by the State is
to be taken from that portion of the tax not donated or granted
by the State of Texas to the County of Cameron, or, do you mean
that the part of the taxes donated or granted shall bear its
portion or percentage of the commissions due the Assessor-Col-
lector?"

You are, therefore, respectfully advised that in the opinion of
this department the above quoted opinion correctly disposes of
the questions therein considered and you are further advised that
in the opinion of this department the portion of the taxes donated
and granted by the State of Texas to the County of Cameron by
virtue of Articles 7680-148, Revised Civil Statutes of Texas,
1925, shall be taken into consideration and shall bear "its
portion or percentage of the commissions due the assessor-col-
lector."

> Yours respectfully
>
> ATTORNEY GENERAL OF TEXAS
>
> By
>
> Lloyd Armstrong
> Assistant

LHA:AW

APPROVED:

GERALD C. MANN

ATTORNEY GENERAL OF TEXAS